U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
AUG 28 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DARRIUS COPELIN<br>FED. REG. NO. 28136-034<br>VS.<br><br>UNITED STATES OF AMERICA | CIVIL ACTION NO. 06-0867-A<br><br>SECTION P<br>JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus (28 U.S.C. §2241) filed on or about May 23, 2006 by pro se petitioner Darrius Copelin. Petitioner is an inmate in the custody of the Federal Bureau of Prisons. He is incarcerated at the United States Pentitentiary, Pollock, Louisiana where he is serving a 121 month sentence imposed following his 2003 convictions for bank robbery and related offenses in the United States District Court for the Eastern District of Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

### STATEMENT OF THE CASE

On May 29, 2003 petitioner and two co-defendants, Andre Cassimere and Calvin Scott, pled guilty to bank robbery and other related charges in the United States District Court for the Eastern District of Louisiana. [doc. 1-4, pp. 1-55] On January

21, 2004 petitioner was sentenced to serve 121 months in the custody of the Federal Bureau of Prisons. [doc. 1-1, paragraph 3; see also Docket Sheet, <u>United States of America v. Darrius Copelin</u>, No. 2:02-cr-00328, United States District Court for the Eastern District of Louisiana (hereinafter <u>Copelin I</u>) at doc. 54]

On January 20, 2005 petitioner submitted a hand-written letter and a *pro se* pleading styled "Motion for the Appointment of Counsel to Comply with the Antiterrorism and Effective Death Penalty Act of 1996" to the Clerk of the United States District Court for the Eastern District of Louisiana. [<u>Copelin I</u> at docs. 58 and 60] These documents were construed to be a Notice of Appeal. In the latter pleading petitioner alleged,

> Petitioner plead guilty to Count 1 and plead no contest to Count 3 on May 29, 2003. By plea agreement petitioner reserves the right to appeal the following:
>
> 1) Any punishment imposed in excess of the statutory maximum, and
>
> 2) Any punishment to the extent it constitutes an upward departure from the Guideline range deemed most applicable by the Sentencing Court.
>
> On January 21, 2004, petitioner was sentenced to 37 months for Count 1 and 84 months for Count 3, due to some enhanced calculations of my sentencing. [Copelin I at doc. 60, p. 1]

On April 5, 2005, the United States Fifth Circuit Court of Appeals dismissed petitioner's appeal as untimely. <u>United States of America v. Darrius Copelin</u>, No. 05-30143 (5th Cir. 4/5/2005). [<u>Copelin I</u> at doc. 67]

Meanwhile, on March 24, 2005, petitioner filed a pro se Motion to Vacate pursuant to 28 U.S.C. §225. Petitioner raised three claims for relief:

> Ground One - The petitioner's enhancement for 1B1.3 (Relevant Conduct)...
> Ground Two - The Firearm Act and Harshness of the Consecutive Sentence...
> Ground Three - Consecutive punishment under a Single Indictment and Branching from a single crime...
> [Copelin I, doc. 63, pp. 4-7]

On July 20, 2005, United States District Court Judge Helen G. Berrigan denied relief noting,

> ... the failure to timely appeal carries consequences on collateral review. Review under Section 2255 generally is limited to issues of constitutional or jurisdictional magnitude which may not be raised for the first time on collateral review without a showing of 'cause and prejudice,' unless the error would result in a complete miscarriage of justice. [citations omitted] Here the defendant has shown neither cause, prejudice nor circumstances even approaching a complete miscarriage of justice. [Copelin I, doc. 72]

On April 18, 2006 petitioner submitted another hand-written letter to the United States District Court for the Eastern District of Louisiana. This letter was construed as a motion to file an out-of-time appeal. [Copelin I, doc. 77] On June 12, 2006 Judge Berrigan denied relief and noted in passing,

> In this correspondence, the defendant argues that he did not appeal because his counsel withdrew on the day of sentencing. The Court notes that the plea agreement signed by the defendant waived any right to appeal, and that the Court accepted the guilty plea only conditionally prior to the review of the pre-sentence report and sentencing. This case is distinguishable

from United States v. West, 240 F.3d 456 (5th Cir. 2001), where the defendant alleged ineffective assistance of counsel based on counsel's failure to file notice of appeal raised in his §2255 motion. In any event, counsel's performance was not raised in the defendant's §2255 motion here. Copelin I, doc. 78.

Petitioner filed the instant §2241 petition in this court on May 23, 2006. He argues two Grounds for Relief:

Ground One - During court pleadings I was not personally informed of my right to appeal, if any, nor collateral review. It is a violation of Rule 11(c)(6)...

Ground Two - Ineffective Assistance of Counsel. A federal prisoner who has been effectively deprived of his right to appeal by deception practiced upon him by his counsel is entitled to relief. My counsel never even spoke to me about appeals. [doc. 1-3, paragraph 7]

**LAW AND ANALYSIS**

The initial inquiry is whether or not petitioner's claim may be properly raised in a § 2241 *habeas corpus* petition. Section 2241 is generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that

a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner attacks the legality of his convictions and sentences raising, in essence, claims that challenge the validity of his guilty plea. On the one hand, petitioner argues that the trial court erred when it violated the provisions of Rule 11 of the Federal Code of Criminal Procedure by failing to personally advise petitioner that his plea would result in the waiver of his

right to seek review on direct appeal. On the other hand, petitioner maintains that his attorney provided ineffective assistance when she failed to advise him about his appeal rights.[1]

Such claims are more properly raised in a Motion to Vacate filed pursuant to §2255. Therefore petitioner may bring this *habeas* action only if he can demonstrate that §2255's remedy is "inadequate or ineffective to test the legality of his detention." In order to proceed under §2255's "savings clause" he must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion. Reyes-Requena, 243 F.3d at 904.

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate.

---

[1] These claims are of doubtful validity in light of Judge Berrigan's observation noted above, "The Court notes that the plea agreement signed by the defendant waived any right to appeal, and that the Court accepted the guilty plea only conditionally prior to the review of the pre-sentence report and sentencing."

Therefore, his petition for writ of *habeas corpus* must be dismissed.

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 28th day of August, 2006.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE